```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

  UNITED STATES OF AMERICA,
                                                    MEMORANDUM & ORDER
                -against-                              21-CR-117(EK)

  HENNING SCHWARZKOPF,

                Defendant.

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        Henning Schwarzkopf is a non-U.S. lawyer who was charged with laundering over $1.1 million in 2019 and 2020. He pleaded guilty in March 2021. Despite the applicable Sentencing Guidelines range of 57 to 71 months' imprisonment, this Court sentenced Schwarzkopf to a term of fifteen months on August 3, 2021. Having served approximately six months of that sentence at Federal Correctional Institute — Fort Dix, Schwarzkopf now moves for compassionate release.[1]

        For the reasons stated below, I deny the motion.

### I. Legal Standard

        A motion for compassionate release is governed by 18 U.S.C. § 3582(c)(1)(A). This section "permits a defendant to bring a motion for a reduction in sentence, including release from prison, in federal district court after satisfying a

---

[1] Schwarzkopf submitted the instant motion *pro se*. His appointed lawyer from the underlying prosecution appeared on his behalf, however, at oral argument.

statutory exhaustion requirement." *United States v. Fernandez*, 853 F. App'x 730, 731-32 (2d Cir. 2021) (summary order).[2]  Under the First Step Act, a district court "may reduce" a sentenced defendant's term of incarceration

> after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i).  Section 3582 requires the defendant to establish, first, that extraordinary and compelling reasons exist.  Doing so renders him eligible for, but not entitled to, a sentence reduction; the court must still consider the Section 3553(a) factors anew.  *See, e.g.*, *United States v. Gotti*, 433 F. Supp. 3d 613, 615 (S.D.N.Y. 2020).  "[D]istrict courts have broad discretion in deciding whether to grant or deny a motion for a sentence reduction." *United States v. Antney*, No. 17-CR-229, 2021 WL 4502478, at *1 (E.D.N.Y. Sept. 30, 2021) (citing *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020)).

---

[2] Schwarzkopf filed a *pro se* administrative request with the Bureau of Prisons in December 2020; this request was not acted upon by the time Defendant filed his motion for compassionate release with this Court on January 18, 2022 but was denied on January 27, 2022.  *See* Feb. 10, 2022 Letter from Gov't, ECF No. 40.  The government does not dispute that Schwarzkopf exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1).

2

## II. Discussion

### A. "Extraordinary and Compelling" Reasons

Schwarzkopf has not shown that "extraordinary and compelling reasons" to reduce his sentence exist. "[A]n inmate's especially heightened risk of infection and risk of developing severe complications from COVID-19 based on the defendant's specific medical history may constitute 'extraordinary and compelling' reasons to grant compassionate release, often in combination with other factors." *United States v. Gibson*, No. 17-CR-657-1, 2020 WL 7343802, at *3 (E.D.N.Y. Dec. 14, 2020). The risk assessment is necessarily fluid, however; courts have taken notice as the availability of vaccines has increased and rates of transmission have decreased. *See e.g.*, *United States v. Mena*, No. 16-CR-850, 2021 WL 2562442, at *3 (S.D.N.Y. June 23, 2021) ("Access to an approved COVID-19 vaccine generally counsels against compassionate release based on COVID-19 risk, due to the strong evidence of [the vaccines'] effectiveness."). In considering when COVID-19 risk justifies compassionate release, judges engage "in a fact-intensive inquiry," examining factors such as "the defendant's age, the severity and documented history of the defendant's health conditions, [the] defendant's history of managing those conditions in prison, [and] the proliferation and status of infection and defendant's facilities." *Gibson*, 2020 WL 7343802,

3

at *3 (citing *United States v. Brady*, No. 18-CR-316, 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020)).

Schwarzkopf and the government submitted substantial excerpts of his prison medical records. The government does not dispute that Schwarzkopf, who is 70 years old, suffers from a number of ailments, including oncocytoma due to a partial kidney resection; high blood pressure; high cholesterol; and has a history of stroke. *See* Schwarzkopf Mot. for Compassionate Release 11-14, ECF No. 35.[3] These medical conditions do place the defendant at elevated risk of complications.[4] But several of them — high blood pressure and high cholesterol, for example — are also relatively typical of people his age (and, indeed, younger). Mr. Schwarzkopf is fully vaccinated, and COVID-19 rates are (thankfully) subsiding rapidly.[5] Though the facility at which he resides has struggled (along with the prison system generally) to manage the pandemic at times, there is no current indication that the facility is unable to manage Mr. Schwarzkopf's risk profile effectively.

---

[3] The record contains no indication that the oncocytoma is malignant.

[4] *See Groups at Higher Risk for Severe Illness*, Centers For Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 9, 2022).

[5] *See Cases, Hospitalizations, and Deaths Trends*, New York City Department of Health and Mental Hygiene, https://www1.nyc.gov/site/doh/covid/covid-19-data.page#daily (last visited March 9, 2022).

4

After oral argument, Schwarzkopf submitted an additional medical record: blood test results indicating elevated levels of "kappa chain free, serum, which often indicates multiple mylema [sic: myeloma]." *See* February 23, 2022 Letter of Henning Schwarzkopf 1, ECF No. 43. He attaches, as Exhibit A to his letter, what appears to be a photograph of one page of the test result. *Id*. at 2. That page reports the referenced kappa chain level as "25.9 H." *Id*. To the right of that figure is a range: "3.3-19.4 mg/L." *Id*. Presumably this is the range generally deemed normal; the 25.9 figure is above the high end. Schwarzkopf provides no quantitative statement, however, of the myeloma risk associated with this level of elevation. In any event, compassionate release is more typically appropriate (all else equal) for inmates suffering illnesses that have actually materialized, rather than illnesses that may arise in the future. *See, e.g.*, *United States v. Pena*, No. 18-CR-640, 2021 WL 396420, at *2 (S.D.N.Y. Feb. 4, 2021) (denying compassionate release where "the mere possibility of future long-term complications arising from his earlier COVID-19 diagnosis is too speculative to constitute an extraordinary and compelling circumstance justifying release.").[6]

---

[6] Mr. Schwarzkopf may, of course, renew this application if a further significant diagnosis – of multiple myeloma or otherwise – obtains in the future. The Court expresses its wish that diagnosis does not occur.

5

The Court was well aware of the COVID-19 pandemic when it first sentenced Schwarzkopf in August 2021 — indeed, the pandemic was a stated reason (among others) for the significantly below-Guidelines sentence.  Sentencing Transcript 69:8-10, ECF No. 29.  As it stands, Mr. Schwarzkopf is set to be released in the coming months even absent compassionate release.  And COVID-19 conditions have improved substantially since sentencing, as noted above.

Many courts in this district have similarly denied compassionate release to vaccinated prisoners who argue that their serious medical conditions put them at higher risk of consequences from the pandemic.[7]  *See*, *e.g.*, *United States v. Ramirez*, No. 98-CR-927, 2021 WL 5233512, at *5 (S.D.N.Y. Nov. 10, 2021); *United States v. Jones*, No. 17-CR-214, 2021 WL 4120622, at *2 (S.D.N.Y. Sept. 9, 2021); *United States v. Fernandez*, No. 15-CR-599, 2021 WL 5304320, at *2 (E.D.N.Y. Nov. 15, 2021).  The instant circumstances do not justify a contrary conclusion.

---

[7] Lest there be any risk of mistaking getting vaccinated for reducing one's chances of receiving compassionate release, the Court notes that it would deny release notwithstanding vaccination status.  Schwarzkopf's ailments, while serious, are neither terminal nor life-threatening.  The record further shows that he is receiving adequate medical care at FCI Fort Dix.

**B. Section 3553(a) Factors**

As noted above, a finding of "extraordinary and compelling" circumstances is not sufficient to warrant a sentence reduction; the "court must also consider 'the factors set forth in section 3553(a) to the extent that they are applicable' before granting a sentence reduction." *Fernandez*, 853 F. App'x at 732. (quoting § 3582(c)(1)(A)); *see also Gotti*, 433 F. Supp. 3d at 615.

The Section 3553(a) factors include:

> the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentencing disparities.

*United States v. Seshan*, 850 F. App'x 800, 801 (2d Cir. 2021) (quoting *Roney*, 833 F. App'x at 852); 18 U.S.C. § 3553(a).

Even if I had found that "extraordinary and compelling" reasons exist, I would not grant release under Section 3582(c) because the 3553(a) factors weigh overwhelmingly against his release. Indeed, apart from the improvement in rates of COVID-19 transmission, little has changed since the Court first weighed the Section 3553(a) factors in August 2021. Certain of the Section 3553(a) factors carry particular weight here: the nature and circumstances of the offense conduct, the history and characteristics of the defendant, and the need for

7

the sentence to reflect the seriousness of the offense, provide just punishment, and afford adequate deterrence.

Schwarzkopf's offense conduct was "extremely serious." Sentencing Transcript 91:3-4. He pled guilty to laundering a significant amount of money – over $1.1 million – over a ten-month span, for a person he believed had committed securities fraud.[8] The Sentencing Guidelines range reflected the seriousness of the offense: 57 to 71 months imprisonment. *See* Sentencing Transcript 9:1.

And this was not the defendant's first run-in with the criminal justice system. His name surfaced in another recent securities fraud scheme, where he transferred approximately $1,000,000 for an individual prosecuted in a neighboring district. Sentencing Transcript 13:11-15. At sentencing, the Court observed that even if the government had not established Mr. Schwarzkopf's criminal culpability in that context, he demonstrated (at best) "a remarkable degree of incuriosity about the activities the people [he] was doing business with were engaged in." Sentencing Transcript 92:20-22. In or around 1996, Mr. Schwarzkopf had his German law license suspended following an investigation into his theft of client funds. Sentencing Transcript 92:6-12. After this theft — and Mr.

---

[8] The criminal Information charged attempted money laundering as well as the substantive crime, given that the funds in question were provided by a law enforcement officer. Information dated March 24, 2021 ¶ 14, ECF No. 9.

8

Schwarzkopf's alleged continuation of his law practice, despite the suspension — he was prosecuted criminally in Germany. *Id*.

For these (and other) reasons, the Section 3553(a) factors do not support a further reduction in the defendant's sentence.

### III. Conclusion

For the foregoing reasons, the motion for compassionate release is DENIED.

SO ORDERED.

                                                         /s/ Eric Komitee
                                                       ERIC KOMITEE
                                                       United States District Judge

Dated:    March 9, 2022
            Brooklyn, New York